**RECORD NO. 15-7492**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RAYSHAWN LEWMAR SAWYERS,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT DANVILLE

**OPENING BRIEF OF APPELLANT**

David Bruce Freedman
CRUMPLER, FREEDMAN, PARKER & WITT
860 West Fifth Street
Winston-Salem, North Carolina 27101
(336) 725-1304 Telephone
(336) 761-8845 Facsimile
david@cfpwlaw.com

*Counsel for Appellant*

Table of Contents

Page

Table of Contents ...................................................................................................i

Table of Authorities ............................................................................................. ii

STATEMENT OF JURISDICTION ......................................................................1

STATEMENT OF ISSUES ...................................................................................1

STATEMENT OF THE CASE...............................................................................1

SUMMARY OF THE ARGUMENT ....................................................................3

ARGUMENT .........................................................................................................3

CONCLUSION ......................................................................................................5

REQUEST FOR ORAL ARGUMENT ..................................................................5

CERTIFICATE OF SERVICE ...............................................................................6

Table of Authorities

Page

<u>Cases</u>

*Gall v. United States*,
    552 U.S. 38 (2007)..................................................................................3, 4

*United States v. Abu Ali*,
    528 F.3d 210 (4th Cir. 2008) .........................................................................4

*United States v. Richardson*,
    939 F.2d 135 (4th Cir. 1991) .........................................................................4

*United States v. Stumpf*,
    476 F.2d 945 (4th Cir. 1973) .........................................................................3

<u>Statutes</u>

18 U.S.C. § 924(c) .............................................................................................1

18 U.S.C. § 1956(h) ...........................................................................................1

18 U.S.C. § 3231 ................................................................................................1

21 U.S.C. § 846..................................................................................................1

28 U.S.C. § 1291 ................................................................................................1

<u>Rules</u>

Fed. R. Crim. P. 35(b).....................................................................................3, 4

## Jurisdictional Statement

This appeal arises from a criminal case, over which the district court had jurisdiction pursuant to 18 U.S.C. § 3231. By order dated September 14, 2015, the district court amended the defendant's sentence. JA 71. From that order, the defendant timely appealed. JA 86. This Court has jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

## Statement of Issues

Whether the trial court abused its discretion in response to the government's motion to reduce the defendant's sentence for his substantial assistance.

## Statement of Case

The defendant (hereinafter "Sawyers") was indicted in this case on January 14th, 2010, on various charges. JA 17. Sawyers pled guilty to conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, conspiracy to launder money in violation of 18 U.S.C. § 1956(h), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. 924(c), receiving an initial sentence of three-hundred (300) months. JA 29-31. A subsequent, retroactive change in Sawyers guidelines reduced his sentence to two-hundred seventy (270) months. JA 14.

Both Sawyers and his wife, Dianna Hatcher (hereinafter, "Hatcher"), who was a codefendant, made proffers after their indictments. JA 52-53. According to

1

officer Garry D. Brown (hereinafter, "Brown"), Sawyers agreed to speak with the officers before any of his codefendants and provided law enforcement with the location of a codefendant, Larry Bagley, who could not be located. JA 49-55. Sawyers did not receive any overt benefit for his cooperation in the original case, and Brown noted that Sawyers seemed to be holding things back in those initial interviews. JA 55. Hatcher received a downward departure from her guidelines for substantial assistance for information she provided about Sawyers. JA 59.

In later debriefings, Sawyers provided the government with information concerning the activities of Freddie Mims and Wendy Cole, both of whom were indicted and pled guilty based on Sawyers' assistance. JA 57-58. Officer Brown characterized Sawyers information as "critical" to the prosecution of Mims and Cole. JA 60-62. Hatcher also provided the government with information concerning Mims and Cole, but according to Brown she "had less information" than Sawyers. JA 59. Hatcher's knowledge centered on the "money laundering, where she was in charge of the car dealerships and the car transactions." JA 62. Sawyers knowledge about Mims and Cole proved critical because the government only had "a little bit of financial stuff, but not a whole lot." JA 60. In further illustration of Sawyers importance to the investigation, Mims pled guilty after Sawyers was transferred to the same detention facility in anticipation of trial. JA 56.

2

The government filed motions pursuant to the Federal Rule of Criminals Procedure Rule 35 on behalf of Hatcher for her assistance in the Mims prosecution. JA 59. Hatcher's sentence was reduced by forty-nine (49) months, from one-hundred thirty-five (135) months to eighty-six (86) months. JA 66-67. The government also filed a Rule 35 motion on behalf of Sawyers. JA 45. Incidentally, Sawyers filed a *pro-se* motion for a reduction based on a second retroactive change to his guidelines. JA 44. Sawyers two motion were decided in the same order, from which the instant appeal lies. JA 71. Sawyers only received a twenty (20) month reduction for his assistance, with the remaining forty (40) months attributed to his new guidelines. JA 71-72.

## Summary of Argument

The trial court abused its discretion by giving the defendant a lesser reduction than his codefendant, when the defendant provided greater assistance than his codefendant.

## Argument

A trial court's ruling on a Rule 35 motion is reviewed for abuse of discretion. *See United States v. Guglielmi*, 929 F.2d 1001 (4th Cir. 1991); *United States v. Stumpf*, 476 F.2d 945 (4th Cir. 1973). Disparate sentences of similarly situated codefendants may constitute reversible error. *See Gall v. United States*,

3

552 U.S. 38 (2007). *See also United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008); *United States v. Chandia*, 675 F.3d 329 (4th Cir. 2012). When calculating reductions of similarly situated codefendants, the court is not required to give both defendants the same reduction as a percentage basis of their original sentence. *United States v. Richardson*, 939 F.2d 135 (4th Cir. 1991).

Although Sawyers and Hatcher received different initial sentences due to a variety of circumstances, they both came back before the trial court on identical motions having provided information on the same subjects of interest. Thus, for the purposes of the Rule 35 motion, they were similarly situated before the court. They were not in identical positions; however, because Sawyers assistance was critical to the Mims and Coles prosecutions while Hatchers gave the government less information.

To the extent that Sawyers provided better information than Hatcher, it is unclear why he received such a disproportionate reduction. Although the trial court was not bound to give him the same percentage reduction—forty (40) percent—as that received by Hatcher, it did not even give Sawyers the same reduction in terms of total months. The trial court did not explain its decision nor could it have based on the information presented. The decision to give Mr. Sawyers a smaller reduction than Hatcher was wholly arbitrary and contradicted by the evidence before the court.

4

Conclusion

For the reasons stated above, the defendant respectfully submits that the trial court abused its discretion by granting him a lesser reduction than his codefendant despite the fact that the defendant offered greater assistance to the government.

Request for Oral Argument

Rayshawn Lewmar Sawyers respectfully requests the Court hear oral argument in this case, as it concerns an important gap in federal sentencing jurisprudence and presents an issue the lower courts are likely to encounter often.

Respectfully Submitted,

/s/ David B. Freedman
David B. Freedman
Crumpler Freedman Parker & Witt
860 West Fifth Street
Winston-Salem, NC 27101
Phone: (336) 725-1304
Fax: (336) 761-8845

Attorney for Appellant

RAYSHAWN LEWMAR SAWYERS

5

## Certificate of Service

I hereby certify that on December 15, 2015, I electronically filed the foregoing Opening Brief of Appellant with Clerk of the Court using the CM/ECF System which will send notice of such filing to the following registered CM/ECF users:

Anthony Digiorno
Assistant United States Attorney
Anthony.giorno@usdoj.gov

I further certify that on December 15, 2015, the required paper copies of the brief were hand delivered to the Clerk of the Court.

/s/ David B. Freedman
David B. Freedman